Alva R. **PITTS**

v.

**FIRST UNION NAT'L BANK**

No. CIV.A. WMN–01–4192.

United States District Court, D. Maryland.

Jan. 10, 2003.

See also, 217 F.Supp.2d 629.

Joseph G DeRespino, DeRespino Raeder and Dougher PC, Philadelphia, PA, Stephen J. Hughes, Treanor, Russell J Pope, Pope & Hughes, Towson, MD for First Union Nat'l Bank.

Margaret M McKee, K Donald Proctor PA, Towson, MD, for Plaintiff.

## *MEMORANDUM*

NICKERSON, Senior District Judge.

Before the Court is Defendant's Motion to Dismiss and for Summary Judgment (Paper No. 23).[1] The motion has been fully briefed and is ripe for decision. Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted.

## I. BACKGROUND

Plaintiff is the granddaughter of George and Lillie Sergeant of Philadelphia. At the time of George Sergeant's death in 1906, he left a will that established the George Sergeant Trust. Lillie Sergeant, who died in 1924, also executed a will which established the Lillie Sergeant Trust. Plaintiff is the sole surviving beneficiary of both trusts, which provide that upon the death of Plaintiff's mother, Alva Sergeant Flanagan, Plaintiff would receive the corpus of each trust, less proper charges. Ms. Flanagan died on March 9, 2000 at the age of 104. Complaint at ¶ 13.

The named trustee of both trusts was the Pennsylvania Company for Insurances on Lives and Granting Annuities, whose modern-day successor in interest is Defendant First Union National Bank. First Union and its predecessors have assumed all duties and liabilities associated with the management of the trusts since they were established. Complaint at ¶ 11.

George Sergeant's estate was probated in the Court of Common Pleas of Pennsylvania, Orphans' Court Division, in 1907. The docket entries from that court indicate that, in the George Sergeant Trust, accountings were filed by Defendant's predecessor and approved by the court twice, in 1940 and 1943.

In a letter dated April 23, 2001, Defendant notified Plaintiff that the George Sergeant Trust and Lillie Sergeant Trust were being prepared for termination and distribution to Plaintiff. The letter indicated that the George Sergeant Trust had been created in 1906 with a value of approximately $122,000.00, and had grown to a present market value of approximately $518,073.00. *See*, Complaint Exh. 3 (Let-

---

1. Also before the Court is Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents (Paper No. 27). Because the Court will grant Defendant's motion to dismiss and for summary judgment, the Court will deny Plaintiff's motion as moot.

ter dated April 23, 2001). The Lillie Sergeant Trust had begun in 1924 with approximately $149,000.00, and is presently valued at approximately $2,588,645.00. *Id.*

Upon learning of the apparent disparity in rates of growth for the two trusts, Plaintiff commenced this action against First Union, charging that Defendant breached its fiduciary duty as trustee of the George Sergeant Trust (Count 1) and acted negligently in administering that trust (Count 2). The Complaint also brings an action for accounting (Count 3) on the George Sergeant Trust, alleging that until her mother's death in 2000, Plaintiff had never been provided with quarterly or annual statements for the trust. Defendant now moves to dismiss Counts 1 and 2 based on the fact that "Plaintiff cannot show that the Trust suffered a loss, a necessary element of each claim." Def.'s Mot. at 5. Further, Defendant moves for summary judgment on Count 3, claiming Plaintiff's demand for an accounting has been rendered moot because on October 7, 2002, it filed an Accounting in the Court of Common Pleas, Orphans' Court, Philadelphia County. *Id.*

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff. See, *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir.1997). "To survive a motion to dismiss, Plaintiff[s] must have alleged facts that show that they are entitled to relief on their substantive causes of action." *In*

*re Criimi Mae, Inc. Securities Litigation,* 94 F.Supp.2d 652, 656 (D.Md.2000).

Summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The non-moving party is entitled to have "all reasonable inferences ... drawn in its respective favor." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1129 (4th Cir.1987).

If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact exists for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Unsupported speculation is insufficient to defeat a motion for summary judgment. *Felty,* 818 F.2d at 1128 (citing *Ash v. United Parcel Serv., Inc.,* 800 F.2d 409, 411–12 (4th Cir.1986)).

## III. DISCUSSION

■ As an initial matter, this Court must decide which state's law applies in this action. Because this case arises under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court "must resolve the issue in accordance with the sub-

stantive law that a Maryland Court would apply." *Liberty Life Assurance Co. v. Stone St. Capital, Inc.*, 93 F.Supp.2d 630, 633 (D.Md.2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Plaintiff brought this action based on her dissatisfaction with the manner in which Defendant managed the George Sargeant Trust. In the absence of a written choice of law provision in the applicable document, Maryland will apply the law of the "state whose law governs the administration of the trust."[2] *Geier v. Mercantile–Safe Deposit & Trust Co.*, 273 Md. 102, 114–15, 328 A.2d 311 (1974) (citing *Restatement (Second) of Conflict of Laws*, § 268(2)(a) (1971)).

■ George Sargeant was a Pennsylvania resident who died leaving a will that was probated in Pennsylvania and that created a trust under the laws of Pennsylvania. The trust has been administered in Pennsylvania and under Pennsylvania law for almost a century. During that time, specific requests for relief have been made, and on two previous occasions, accountings were filed by Defendant's predecessor and approved by the Philadelphia Orphans' Court, in accordance with Pennsylvania law. Def.'s Mot. at 6–7. The trust at issue does not contain a specific choice of law provision. Accordingly, this Court concludes that Pennsylvania law applies in this diversity action.

■ Under Pennsylvania law, in a dispute such as the instant action, an accounting is usually filed in the Court of Common Pleas, Orphans' Court Division. After this accounting is filed, objections, if any, are filed, and the objectants attempt to "surcharge" the trust fiduciary. "Surcharge is the penalty for failure to exercise common prudence, common skill and common caution in the performance of the fiduciary duty and is imposed to compensate beneficiaries for loss caused by the fiduciaries' want of due care." *In re Trust Estate of A. Warren Kelsey*, 24 Phila. 84 (Phila. Orphans Ct.1992). Surcharge is "a mixed question of negligence and breach of fiduciary duty . . . ." *Chambers Estate*, 7 Fiduc.Rep.2d 299, 303 (1987). In reviewing the trustee's performance in a surcharge proceeding, "the propriety of an investment must be judged as it appears at the time it was made and not viewed in light of subsequent events." *Kelsey*, 24 Phila. at 95.

A recent Orphans' Court decision dealt with an issue on objection that was similar to the claims advanced by Plaintiff in Counts 1 and 2. In *McCullough Trust*, 21 Fiduc.Rep.2d 135 (2001), the court evaluated the objections filed by the remaindermen after the death of the last life beneficiary of James C. McCullough's insurance trust. An account, covering a sixty-three year period of administration by the corporate Trustee, was filed and indicated that the principal amount increased from $25,189.60 to $69,026.02. *Id.* at 135–36. The court characterized the objectors as

> dissatisfied with the amount that is available for distribution to them. Their objections to the account allege that, had the trustee made the investments a prudent investor would have made, the

---

**2.** Plaintiff argues that her claims for breach of fiduciary duty and for negligence "relate to the performance of Defendant and its predecessors in the management of the George Sergeant Trust, not to the administration of that trust." Pl.'s Opp. at 14. Comment a to section 271 of the *Restatement (Second) of Conflict of Laws* (1971) provides, however, that "the term 'administration of a trust,' as it is used in the Restatement of this Subject, includes those matters which relate to the management of the trust." Further, the Restatement provides that "[m]atters of administration include those relating to duties owed by the trustee to the beneficiaries." *Id.*

principal of the trust would have grown to a sum considerably larger than $69,026.02. They contend that the growth of trust principal should have been comparable to the rate of growth of common stock equities over the period of trust administration. They argue that, had the trust not been mismanaged, the rate of growth of the trust principal would at least have kept pace with inflation.

*Id.* at 136–37.

In *McCullough,* the trustee sought summary judgment and argued that the "objectors cannot prevail in their claim for surcharge because they cannot show that there was a loss in the principal value of the trust." *Id.* at 138. In its agreement with the trustee on this premise for summary judgment, the court referred to the en banc opinion by the Orphans' Court of Philadelphia in *Killey Trust,* 29 Fiduc.Rep. 437 (1979), and noted that the court in *Killey Trust* "held that no surcharge could be imposed because the remaindermen had suffered no loss. There was no loss, according to the court, because the remaindermen were receiving intact the full amount of the principal that had been placed in trust." *McCullough Trust,* 21 Fiduc.Rep.2d at 141 (citing *In re Mendenhall,* 484 Pa. 77, 398 A.2d 951, 954 (1979)).

Additionally, the *McCullough* court rejected the remaindermen's argument that they suffered a loss because "had the corporate trustee invested the trust assets in stocks that would have kept pace with certain stock market indicators, the principal of the trust would have grown more than it did." *Id.* The court suggested that an unfavorable comparison between the performance of investments made by the trustee in question and other trustees is not "an appropriate basis for establishing that the trustee in question had breached its fiduciary duty and had caused a loss to the trust even though the principal of the trust had grown during trust administration." *Id.* at 143. In summary, the court found that the objectors were "unable to prove a necessary element of their surcharge action, i.e., that the McCullough trust suffered a loss, and, therefore, it appears that the trustee is entitled to summary judgment on this basis." *Id.*

■ In the instant action, the George Sargeant Trust principal increased by approximately $400,000, from its opening value of $122,000 to $518,073, the value reported as of April 23, 2001. Under applicable Pennsylvania law, it appears that Plaintiff is unable to prove a necessary element of her action, that the Trust suffered a loss.[3] Accordingly, this Court will dismiss Counts 1 and 2.

With respect to Count 3, Plaintiff's demand for an accounting, Defendant has filed a Third and Final Accounting with the Orphans' Court in Philadelphia. Def.'s Mot. at 15. The Accounting was filed with the court on October 7, 2002, with notice given to Plaintiff and a copy to her counsel of record. Derespino Decl. at ¶ 3. Plaintiff

---

3. Plaintiff argues that the instant case is distinguishable from the cases relied on by Defendant and cites *Estate of Scharlach,* 809 A.2d 376 (Pa.Super.2002) for support. Pl.'s Opp. at 24–26. In that case, the Superior Court of Pennsylvania found that the trustee had "breached its fiduciary duty with respect to its investment of principal of the [trust] estate." *Estate of Scharlach,* 809 A.2d at 378. The facts in *Scharlach* involved a trust approved by order of the Orphans' Court that expressly limited the scope and types of investments that could be made. *Id.* The trustee failed to follow the investment plan that was developed for the trust, and the Court concluded that the trustee had "abrogated its fiduciary duties." *Id.* at 384. In the instant case, neither party has identified a specific investment plan for the Trust that was ignored by either Defendant or its predecessors. *Scharlach* provides little support for Plaintiff's position.

argues that "discovery on issues related to Plaintiff's claim for accounting is ongoing and Defendant's motion for summary judgment should be denied." Pl.'s Opp. at 27. Defendant opines that "Plaintiff can file objections to the account [in the Orphans' Court], with the attendant burden of proof." Def.'s Mot. at 15 n. 5. It appears to the Court that Defendant filed that which Plaintiff requested, and as such, that Count 3 of Plaintiff's Complaint is now moot. The Court concludes that summary judgment is appropriate as to Count 3.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and for Summary Judgment will be granted. A separate order consistent with this memorandum will issue.

### ORDER

Pursuant to the foregoing Memorandum, and for the reasons stated therein, IT IS this      day of January, 2003, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion to Dismiss and for Summary Judgment (Paper No. 23) is hereby GRANTED;

2. That Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents (Paper No. 27) is hereby DENIED as moot;

3. That this case is hereby CLOSED;

4. That any and all prior rulings made by this Court disposing of any claims against any parties are incorporated by reference herein and this order shall be deemed to be a final judgment within the meaning of Fed.R.Civ.P. 58; and

5. That the Clerk of the Court shall mail or transmit copies of this Memorandum and Order to all counsel of record.